UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ARTHUR M. NOTZ, III,

    Plaintiff,

v.                                            Case No: 5:22-cv-239-GAP-PRL

DONALD TRUMP, THE PEOPLE and
THE STATE OF FLORIDA,

    Defendants.

REPORT AND RECOMMENDATION[1]

This matter is before the court *sua sponte*. Plaintiff, who is proceeding *pro se*, has filed a 95 page, mostly handwritten, unintelligible complaint against Donald Trump, The People, and The State of Florida. (Doc. 1). Upon due consideration, I recommend that the complaint be dismissed for lack of subject matter jurisdiction.

Since at least 2011, Plaintiff Arthur M. Notz, III has been a serial filer of frivolous actions in the Middle District of Florida.[2] His current complaint contains the same allegations

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] All of Plaintiff's previous cases have been dismissed for failure to prosecute or at the motion to dismiss stage. *See, e.g., Notz v. U.S.A. et al.*, 5:11-cv-408 (M.D. Fla. Nov. 18, 2011) (dismissing the action and finding Plaintiff's papers to be "universally incomprehensible both factually and legally"); *Notz v. U.S.A.*, 5:12-cv-94 (M.D. Fla. Dec. 20, 2012) (denying Plaintiff's motion for reconsideration because the claims were fantastical, implausible, irrational, lacking in any arguable basis in either law or fact, and frivolous for purposes of assessing subject matter jurisdiction); *Notz v. Warner Brothers*, 5:12-cv-95 (M.D. Fla. Dec. 20, 2012) (same); *Notz v. U.S. Gov't*, 5:13-cv-313 (M.D. Fla. Feb. 28, 2014) (finding Plaintiff's claims to be frivolous and dismissing the complaint); *Notz v. U.S. Gov't*, 5:14-cv-386 (M.D. Fla. Sept. 24, 2014) (dismissing the case for failure to prosecute); *Notz v. U.S. Gov't et al.*, 5:14-cv-557 (M.D. Fla. Jan. 12, 2015) (dismissing the case and noting the allegations are baseless and

as the other cases. Plaintiff's claims mostly stem from the 1981 film "Arthur," as well as other media depictions, which Plaintiff alleges contain his stolen personal information. (Doc. 1). The complaint is 95 pages long, mostly hand-written, containing images of the film "Arthur," a magazine page, and a crossword puzzle.

Jurisdiction is a threshold issue in any case pending in United States district court. "The test for federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather, the test is whether 'the cause of action is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.'" *McGinnis v. Ingram Equip. Co., Inc.,* 918 F.2d 1491, 1494 (11th Cir. 1990) (*quoting Dime Coal Co. v. Combs,* 796 F.2d 394, 396 (11th Cir.1986)). "Dismissal for lack of subject matter jurisdiction is proper where the federal claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the court], or otherwise completely devoid of merit as not to involve a federal controversy.'" *Carter v. O'Carroll*, No. 3:12-CV-740-J-32JRK, 2012 WL 3612294, at *2 (M.D. Fla. Aug. 21, 2012) (quoting *Norton v. FBI,* Case ED CV 08–1829–VAP, 2010 WL 431367 (C.D. Cal. Jan. 28, 2010)).

As with the various other complaints filed by Plaintiff, the allegations in the instant complaint are baseless and without merit in fact or law. It would be futile to allow Plaintiff to amend his complaint because the claims are frivolous for purposes of assessing subject matter jurisdiction. There is no indication in the complaint before the court, or any of the many cases filed by Plaintiff containing similar allegations, that a more carefully drafted complaint would state a claim.

---

without arguable merit in fact or law); *Notz. v. Trump et al.*, 5:19-cv-651 (M.D. Fla. Feb. 27, 2020) (dismissing Plaintiff's case for failure to pay the filing fee or file a motion to proceed *in forma pauperis*).

For example, in the initial paragraph of the complaint he seems to suggest that they stole the show "The Apprentice" off his resume then even more incoherently says: "used it to try to make an ass (Donkey) out of me. Evan at Alamosa even at A Bar) – Including Ric And A Restaurant – And the State Scott of Florida since 2004. – The People have been William Scott, Harrassing the person Dildo',s, Dildonado, The Brooksville P.d., Prison Jail . . . Open Threat by All. Dickless toilet And Broke Chick's . . . (ellipse in original) Sewer in A Library." If that isn't hard enough to understand, there are notes written in the margin and sometimes above the words themselves.

In addition to being baseless, Plaintiff's complaint clearly fails to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. It does not contain a short plain statement of the claim, as required by Rule 8, nor does it delineate the alleged causes of action into counts or another organized manner as required by Rule 9. Although Plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Further, although Plaintiff is proceeding *pro se*, he is still obligated to comply with Federal Rule of Civil Procedure 11(b), which provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Here, because there is no basis upon which to sue Donald Trump or the State of Florida regarding his incompressible claims, he has not and cannot comply with Rule 11. Notably, in 2015, Plaintiff was warned that any future baseless or incomprehensible lawsuits may result in sanctions, including a pre-screening injunction against him. *Notz v. U.S. Gov't et al.*, 5:14-cv-557 (M.D. Fla. Jan. 12, 2015). Plaintiff is again so warned.

Accordingly, it is recommended that Plaintiff's complement be dismissed for lack of subject matter jurisdiction.

Recommended in Ocala, Florida on July 6, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy